IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE SALINAS ESTRADA | § | |
| v. | § | CIVIL ACTION NO. 6:17cv584 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Joe Salinas Estrada, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 apparently challenging a prison disciplinary proceeding. This Court referred the matter to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Estrada's habeas corpus petition was 56 pages long, well over the 30-page limit set out in the Local Rules for the Eastern District of Texas. It did not contain a short and plain statement of his claim setting out the grounds for relief and the facts supporting each ground, as required by Fed. R. Civ. P. 8 and Rule 2 of the Rules Governing §2254 Cases in the United States District Courts. Estrada also included some 85 pages of exhibits, many of which concern such matters as payments by prisoners for medical care in the Dallas County Jail, the water quality at the Coffield and Michael Units, and grievances concerning the loss of property.

The Magistrate Judge ordered Estrada to file an amended petition on a standard §2254 habeas corpus form of no more than 30 pages in length. Estrada sought and received an extension of time in which to comply, but has not done so.

After an additional four weeks beyond Estrada's deadline passed, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Estrada filed timely objections to the Report.

**II. The Petitioner's Objections**

Estrada titles his objections "Opposition/objection to intruder's usurpation of power, abuse of power, and intervention of K. Nicole Mitchell." He refers to Judge Mitchell as "a magistrate alleged judge, serving as a lawyer in the matter." Estrada contends that Judge Mitchell is "an evident adversary" and states that he did not consent to allow the Magistrate Judge to preside in his case.

Estrada asserts that Judge Mitchell has misstated facts and law in some unspecified way and that she has some unidentified interest in the subject matter of his case. He appears to contend that Judge Mitchell intervened in his case without authority to do so, and complains that the District Judge assigned to the case did not read all 56 pages of the petition along with his notice of non-consent to the Magistrate Judge.

Estrada goes on to argue that his statement of claim cannot be cut down so as to fit within the page limitations. He claims that he filed an "amended and supplemental brief" which sought leave to suspend the Federal Rules of Civil Procedure and included an 11-page "compulsory counterclaim," but no such document appears in the record. Estrada claims that the Magistrate Judge's allegedly unlawful actions could make the District Judge a defendant as the United States for a constructive breach of the public duty to exercise ordinary care.

Following this, Estrada again argues that the Magistrate Judge had some kind of interest in the subject matter of his case and contends she had no legal grounds upon which to intervene. He

accuses the Magistrate Judge of "suppressing" his claims and asserts that she had no legal authority to give orders limiting his claims.

**III. Discussion**

Estrada's petition was referred to the Magistrate Judge for preliminary and pre-trial matters in accordance with 28 U.S.C. §636(b). No consent is required for such a referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). To the extent Estrada objects to the reference to the Magistrate Judge under §636(b), his objection is without merit.

Similarly, Estrada asserts that the Magistrate Judge was "acting as a lawyer," that she was "intruding in his case," and that her actions amounted to "abuse of power." The record shows that the Magistrate Judge acted in accordance with the §636(b) referral and there is no indication of bias or impropriety. This objection is without merit.

Estrada also complains that the Magistrate Judge ordered him to file an amended complaint. A review of his original complaint reveals a lengthy, jumbled, and disorganized mass of verbiage over the course of 56 handwritten pages. Fed. R. Civ. P. 8 requires that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Local Rule CV-3 provides that the clerk may require that petitions for the writ of habeas corpus be filed on a set of standardized forms, and that absent leave of court, a habeas corpus petition shall not exceed 30 pages in length. The Magistrate Judge directed Estrada to file an amended petition on a standard form setting out a statement of his claims and the facts upon which he relies. The Clerk was directed to furnish a standard form to Estrada. When Estrada failed to comply with this order, the Magistrate Judge recommended that the petition be dismissed for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b). Estrada has failed to show any error in the order to amend or the recommendation of dismissal upon his failure to comply, and his objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Petitioner Joe Salinas Estrada is **DENIED** a certificate of appealability *sua sponte*. *See James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995) (certificate of appealability may be denied where the petitioner fails to show that the issues are debatable among jurists of reason, a court could resolve the issues in a different manner, or the questions are adequate to deserve encouragement to proceed further). The denial of this certificate pertains only to an appeal of this case and shall not prevent the refiling of this petition at such time as the Petitioner is prepared to comply with the appropriate court rules. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

So **ORDERED** and **SIGNED September 28, 2018.**

_____
Ron Clark, Senior District Judge