IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOE SALINAS ESTRADA JR. | § | |
| v. | § | CIVIL ACTION NO. 6:17cv584 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Petitioner Joe Salinas Estrada Jr., proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 apparently challenging a prison disciplinary proceeding, though he also refers to the confiscation of property and the medical co-pay charged by the prison. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Estrada's petition was 56 pages long, followed by 77 pages of exhibits, well over the 30-page limit set out in the Local Rules of Court for the Eastern District of Texas. In addition, he did not clearly set out his grounds for relief and the facts supporting each ground, as required by Rule 2 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*. On January 24, 2018, the Magistrate Judge ordered Estrada to file an amended petition on a standard §2254 form, setting forth with particularity the bases upon which he seeks relief and the facts supporting each ground for relief.

Estrada sought and was granted an extension of time in which to comply, but did not do so. On May 21, 2018, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Estrada filed objections,

1

but these were overruled and his habeas corpus petition was dismissed without prejudice on September 28, 2018.

On October 22, 2018, Estrada filed a motion to alter or amend the judgment, arguing that he did not consent to have the Magistrate Judge on his case and so the District Judge and Magistrate Judge never acquired subject matter jurisdiction. He also asserted that he was also challenging a denial of parole eligibility as well as the prison disciplinary case, either of which he claimed eliminated his eligibility for mandatory supervision. Estrada further complained that the envelope in which he received the memorandum opinion and final judgment did not specify the district court from which the orders originated, and made a number of baseless and patently meritless accusations against the judicial officers on the case.

After review of the motion and an affidavit in support of the motion, the Magistrate Judge issued a Report on March 11, 2019, recommending that the motion to alter or amend the judgment be denied. The Magistrate Judge observed that the case was referred for preliminary and pre-trial matters only, for which no consent is required, Estrada is not eligible for mandatory supervision release because he is serving a 60 year sentence for aggravated sexual assault of a child, and the order and final judgment which Estrada received make clear that they originated from the Eastern District of Texas. The Magistrate Judge further noted that had Estrada filed his amended petition as directed, he could have set out his claims in a proper manner, and that in any event, the petition was dismissed without prejudice.

## II. Estrada's Response to the Report

Estrada did not file objections to the Report *per se*, but instead filed in response a motion which he styled as a request for mandamus relief. In this motion, Estrada accuses the Magistrate Judge of "usurpation of power," states that his claims were supposed to be heard with Estrada present in person or by televised conference, complains that he was tried and sentenced under another person's name, asserts that he was denied eligibility for release to discretionary mandatory supervision, and complains he does not earn good time and work time credits under the law in effect

2

when the alleged offense occurred. He asks for mandamus to issue to remove the Magistrate Judge from his case and to order TDCJ officials to return his legal property and electronic items which were confiscated and to give him a legal storage box.

Estrada has failed to show any basis for mandamus relief. He seeks issuance of a writ of mandamus against the Magistrate Judge and Texas prison officials, but the Court cannot issue mandamus against its own judicial officers. *See In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975). Nor can the Court issue writs of mandamus against state actors or agencies. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

To the extent Estrada's motion may be construed as objections to the Magistrate Judge's Report, these likewise have no merit. Estrada does not address the basis for the Magistrate Judge's Report, which is that he failed to show any basis upon which to alter or amend the judgment under Fed. R. Civ. P. 59. The Magistrate Judge correctly determined that no consent is required for a reference under 28 U.S.C. §636(b) and properly directed Estrada to file an amended petition to set out his claims clearly and specifically. When Estrada did not comply with this order, his petition was dismissed without prejudice for failure to prosecute or to obey an order of the Court. Estrada has not shown that such dismissal was error or that he is otherwise entitled to an alteration or amendment of the judgment.

### III. Conclusion

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Plaintiff's motion for mandamus relief, construed as objections to the Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 20) is **DENIED**. Fed. R. Civ. P. 59(e). It is further

**ORDERED** that the Plaintiff's motion for writ of mandamus (docket no. 25) is **DENIED**.

So **ORDERED** and **SIGNED June 23, 2019.**

_____
Ron Clark, Senior District Judge